[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13669
Non-Argument Calendar

_____

Agency Nos. A95-218-547
and  A95-218-548

ANGEL LEONARDO HERNANDEZ MONCADA,
JENNY CONSTANZA ACOSTA ARIZA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 18, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioners, Colombian citizens Angel Leonardo Hernandez Moncada and

Jenny Constanza Acosta Ariza, seek review of the Board of Immigration Appeals' (BIA's) decision adopting and affirming the Immigration Judge's (IJ's) order finding them removable and denying their application for asylum and withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158, 1231(b)(3).[1] Lead petitioner Hernandez asserts he established past persecution and a well-founded fear of future persecution on account of his political opinion. We grant the petition, and remand for further proceedings consistent with this opinion.

Because the BIA, in affirming the IJ's decision, expressly adopted the IJ's reasoning, our review focuses on the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent the IJ's decision was based on a legal determination, our review is de novo. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The IJ's factual determinations are reviewed under the substantial-evidence test, and this Court "must affirm the [IJ's] decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Al Najjar*, 257 F.3d at 1283-84 (citation omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. United States Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

---

[1] Petitioners do not appeal the IJ's denial of relief under the Convention Against Torture.

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security or the Attorney General have discretion to grant asylum if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. *Al Najjar*, 257 F.3d at 1284. The alien's testimony, if credible, may be sufficient to sustain the burden of proof for asylum without corroboration. 8 C.F.R. §§ 208.13(a), 208.16(b).

Here, the IJ found Hernandez's testimony credible, but insufficient to make out a claim for asylum. The IJ never decided whether the actions about which Hernandez testified rose to the level of persecution or a well-founded fear of future persecution.[2] Specifically, the IJ held Hernandez was unable to show persecution primarily on account of an enumerated ground and was unable to meet the burden of showing any fear of persecution would exist throughout Colombia.

---

[2] The IJ stated, however, "[h]ad the respondents demonstrated statutory eligibility, the court would grant asylum as a matter of discretion given the lack of adverse factors in their case."

3

The Second and Ninth Circuits have held there is no requirement that persecution be based solely on account of a protected ground. *See Borja v. INS*, 175 F.3d 732, 735-36 (9th Cir. 1999) (en banc); *Osorio v. INS*, 18 F.3d 1017, 1028 (2d Cir. 1994) ("The plain meaning of the phrase 'persecution on account of the victim's political opinion,' does not mean persecution *solely* on account of the victim's political opinion."). If an applicant can show the persecution was at least in part motivated by a protected ground, the applicant can establish eligibility for asylum. *See Borja*, 175 F.3d at 736 (holding evidence compelled the conclusion that persecution was on account of both political opinion and attempts at extortion, and that such a "mixed motives" case satisfied applicant's burden). The record in this case compels the conclusion the Revolutionary Armed Forces of Colombia (FARC) targeted Hernandez, in part, because of his political opinion. Evidence in the record compels the conclusion the FARC targeted Hernandez for two reasons: (1) believing he was wealthy, the FARC wanted to extort money from him to finance their terrorist operations; and (2) attempting to quiet all opposition to their group, the FARC threatened to kill him unless he stopped his political activities, and public opposition and denouncement of their ideals.

Importantly, the IJ found Hernandez's testimony to be credible. The FARC's threats against Hernandez, when taken together with the facts of his

4

political activism–hosting Liberal party meetings in his office, publicly opposing the FARC, and assisting social welfare programs, compel a conclusion that Hernandez was targeted, at least in part, on account of his political opinion.[3]

Because the IJ failed to determine whether the Petitioners suffered past persecution or established they have a well-founded fear of future persecution, we must remand the case to allow a decision on this issue in the first instance. Accordingly, the petition is granted, and the case is remanded to the BIA for further proceedings.[4]

PETITION GRANTED.

---

[3] Because withholding of removal is also dependent on whether the alien would be threatened because of a political opinion, 8 U.S.C. § 1231(b)(3), this analysis also applies to the IJ's denial of withholding of removal.

[4] We realize the IJ also based the decision to deny asylum on Petitioners' inability to show their fear of persecution would exist throughout Colombia. "In cases in which an applicant has demonstrated past persecution . . . the *Service* shall bear the burden of establishing by a preponderance of the evidence" that "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . and under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 208.13(b)(1)(i)(B), (ii) (emphasis added). In cases in which an applicant has not established past persecution, the *applicant* bears the burden of establishing that it would be unreasonable for the applicant to relocate. *Id.* § 208.13(b)(3) (emphasis added). Because there are different burdens depending on whether the applicant has shown past persecution, and it is unclear whether Petitioners have shown past persecution in this case, on remand, if past persecution is shown, the burden should be on the Service, rather than the Petitioners, to show the Petitioners have an internal relocation option.